IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RICHARD PEWTERBAUGH     PLAINTIFF

VS.     CAUSE NO.: 1:22cv120-SA-DAS

BEST-WADE PETROLEUM, INC.
AND JOHN DOES 1-3     DEFENDANTS

## COMPLAINT

COMES NOW, the Plaintiff, Richard Pewterbaugh, by and through counsel of record, and files this his Complaint to recover damages against the Defendant, Best-Wade Petroleum, Inc. and John Does 1-3, and in support thereof would show unto the Honorable Court as Follows, to-wit:

1.

That the Plaintiff, Richard Pewterbaugh, is an adult resident citizen of Lycoming County, Pennsylvania.

2.

That Defendant, Best-Wade Petroleum, Inc., is a Tennessee corporation and is authorized to do and doing business in Alcorn County, Mississippi. The registered agent for service of process for Best-Wade Petroleum, Inc. in Mississippi is William H. Davis, Jr., 511 Franklin Street, Corinth, Mississippi 38834.

3.

Defendant, John Does 1-3, is an entity and/or individual including but not limited to employees or agents of the Defendant, Best-Wade Petroleum, Inc., who are liable to the Plaintiff and who maintained authority and discretion regarding the maintenance of or standards of Best-Wade Petroleum, Inc. and whose identity is unknown to the Plaintiff at this time.

4.

Defendant, John Does 1-3, is a Defendant pursuant to the MRCP 9(h) that may be liable in this civil action and whose identity is unknown to the Plaintiff at this time but is expected to be identified during the course of litigation.

5.

On September 18, 2020, the Plaintiff was a business invitee at Best-Wade Petroleum's location at 1412 Route 72, Corinth, Mississippi. While delivering oil out of his trailer, his shoe caught on a corner that was sticking up from a grate of mesh wiring on the ground causing him to fall. The fall caused multiple injuries to the Plaintiff. The Plaintiff noticed there were no warning signs displayed that gave notice that the grate was protruding up from the ground or of an uneven walking area.

6.

The Defendant had actual or constructive notice that uneven ground and walking was a dangerous condition. The sidewalk had been uneven for a length of time that the Defendant should have known and failed to take reasonable steps to remove or warn of the dangerous condition.

7.

The Defendant did not take any steps, reasonably calculated, to remove the aforesaid dangerous and hazardous condition.

8.

The Defendant did not post any signs or other devices warning persons of the dangerous and hazardous condition.

9.

The Defendant owed a duty to maintain its business premises in a reasonably safe condition, a duty to take steps reasonably calculated to remove the aforesaid hazardous and dangerous condition, and a duty to warn its business invitees of the aforesaid dangerous and hazardous condition.

10.

The fall and injuries to Plaintiff resulting from the fall were caused solely by the negligence of Defendant herein without any negligence on the part of the Plaintiff. Defendant owed a duty to the Plaintiff to supervise, monitor, and assure that duties owed to Plaintiff were undertaken.

11.

Plaintiff charges and alleges that the Defendant, and its employees, are guilty of the following acts of common law negligence, each one of which was a direct and proximate cause of Plaintiff's resulting injuries and damages, to wit:

a. Negligent failure to maintain reasonably safe premises for its business invitees;

b. Failure to properly train the employees in safety and maintenance of its facility;

c. Failure to exercise that degree of care and caution required of a reasonable prudent person under the same or similar circumstances; and

d. In failing to properly maintain the walking areas of the business, and particularly the area of the accident, in safe and nonhazardous condition.

12.

As a proximate cause of the negligence of the Defendant, the Plaintiff suffered severe injuries which caused Plaintiff to suffer severe and potentially permanent personal injuries; past, present, and future pain and suffering; past, present and future mental anguish; and past, present

and future medical expenses and cost; temporary and/or permanent disability, past, present and present lost wages.

13.

The Defendant's actions amount to gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, therefore Plaintiff is entitled to punitive damages.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Richard Pewterbaugh, prays for the following:

1. Trial by jury;

2. Judgment for Plaintiff and against Defendant;

3. An award of damages which will fully and fairly compensate Plaintiff for severe and permanent personal injuries, past, present, and future pain and suffering, past, present, and future mental anguish, temporary and/or permanent disability; past, present, and future medical expenses and costs; and past and present lost wages.

4. Such other and further relief deemed just and proper in the premises.

Respectfully submitted, this the 26th day of August, 2022.

RICHARD PEWTERBAUGH, Plaintiff

By: /s/ James R. Franks, Jr.
_____
JAMES R. FRANKS, JR., MSB# 100156
WILLIAM R. WHEELER, JR., MSB# 10848

Prepared By:

Wheeler & Franks Law Firm, P.C.
114 South Broadway Street
Post Office Box 681
Tupelo, Mississippi 38802
Telephone: (662) 842-0380
Facsimile: (662) 842-7491