IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

RICHARD PEWTERBAUGH                                                    PLAINTIFF

VS.                                                          CAUSE NO.:1:22-CV-SA-DAS

BEST-WADE PETROLEUM, INC.
AND JOHN DOES 1-3                                                    DEFENDANTS

---

FIRST AMENDED COMPLAINT

---

COMES NOW, the Plaintiff, Richard Pewterbaugh, by and through counsel of record, and files this his First Amended Complaint to recover damages against the Defendant, Best-Wade Petroleum, Inc. and John Does 1-3, and in support thereof would show unto the Honorable Court as Follows, to-wit:

1.

That the Plaintiff, Richard Pewterbaugh, is an adult resident citizen of Lycoming County, Pennsylvania.

2.

That Defendant, Best-Wade Petroleum, Inc., is a limited liability company organized and licensed to do business in the State of Tennessee with its principal office located at 201 Dodge Drive (PP Box 566), Ripley, Tennessee 38063. Defendant, Best-Wade Petroleum, Inc. may be served with process by and through its registered agent, William H. Davis, Jr., 511 Franklin Street, Corinth, Mississippi 38834. The officers of Best-Wade Petroleum, LLC are John P. Wade, who is believed to be an adult resident citizen of the State of Tennessee, and Mark Little, who is believed to be an adult resident citizen of the State of Mississippi.

3.

Defendant, John Does 1-3, is an entity and/or individual, including, but not limited to employees or agents of the Defendant, Best-Wade Petroleum, Inc., whose identity is unknown at this time to the Plaintiff, who may be liable to the Plaintiff and who maintained authority and discretion regarding the maintenance of or standards of Best-Wade Petroleum, Inc. and whose identity is unknown to the Plaintiff at this time.

4.

As shown in paragraphs 1-3 of this First Amended Complaint, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1), in that this civil action is between citizens of different states and the amount in controversy exceeds $75,000 excluding interest and costs. This court also has both personal jurisdiction over the Defendants as well as jurisdiction over the subject matter of this First Amended Complaint.

5.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b)(2) in that a substantial part of the events giving rise to the claim occurred on the property of Best-Wade Petroleum, within the Northern District of Mississippi, Aberdeen Division, and the amount in controversy exceeds $75,000.00.

6.

On September 18, 2020, the Plaintiff was a business invitee at Best-Wade Petroleum's location at 1412 Route 72, Corinth, Mississippi. While delivering oil out of his trailer, his shoe caught on a corner that was sticking up from a grate of mesh wiring on the ground causing him to fall. The fall caused multiple injuries to the Plaintiff.  The Plaintiff noticed there were no warning signs displayed that gave notice that the grate was protruding up from the ground or of an uneven walking area.

7.

The Defendant had actual or constructive notice that uneven ground and walking was a dangerous condition. The sidewalk had been uneven for a length of time that the Defendant should have known and failed to take reasonable steps to remove or warn of the dangerous condition.

8.

The Defendant did not take any steps, reasonably calculated, to remove the aforesaid dangerous and hazardous condition.

9.

The Defendant did not post any signs or other devices warning persons of the dangerous and hazardous condition.

10.

The Defendant owed a duty to maintain its business premises in a reasonably safe condition, a duty to take steps reasonably calculated to remove the aforesaid hazardous and dangerous condition, and a duty to warn its business invitees of the aforesaid dangerous and hazardous condition.

11.

The fall and injuries to Plaintiff resulting from the fall were caused solely by the negligence of Defendant herein without any negligence on the part of the Plaintiff. Defendant owed a duty to the Plaintiff to supervise, monitor, and assure that duties owed to Plaintiff were undertaken.

12.

Plaintiff charges and alleges that the Defendant, and its employees, are guilty of the following acts of common law negligence, each one of which was a direct and proximate cause of Plaintiff's resulting injuries and damages, to wit:

a. Negligent failure to maintain reasonably safe premises for its business invitees;

b. Failure to properly train the employees in safety and maintenance of its facility;

c. Failure to exercise that degree of care and caution required of a reasonable prudent person under the same or similar circumstances; and

d. In failing to properly maintain the walking areas of the business, and particularly the area of the accident, in safe and nonhazardous condition.

13.

As a proximate cause of the negligence of the Defendant, the Plaintiff suffered severe injuries which caused Plaintiff to suffer severe and potentially permanent personal injuries; past, present, and future pain and suffering; past, present and future mental anguish; and past, present and future medical expenses and cost; temporary and/or permanent disability, past, present and present lost wages.

14.

The Defendant's actions amount to gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, therefore Plaintiff is entitled to punitive damages.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Richard Pewterbaugh, prays for the following:

1. Trial by jury;

2. Judgment for Plaintiff and against Defendant;

3. An award of damages which will fully and fairly compensate Plaintiff for severe and permanent personal injuries, past, present, and future pain and suffering, past, present, and future mental anguish, temporary and/or permanent disability; past, present, and future medical expenses and costs; and past and present lost wages.

4. Such other and further relief deemed just and proper in the premises.

Respectfully submitted, this the 2nd day of September, 2022.

RICHARD PEWTERBAUGH, Plaintiff

s/James R. Franks, Jr.

By:    _____

JAMES R. FRANKS, JR., MSB# 100156
WILLIAM R. WHEELER, JR., MSB# 10848

Prepared By:

Wheeler & Franks Law Firm, P.C.
114 South Broadway Street
Post Office Box 681
Tupelo, Mississippi 38802
Telephone: (662) 842-0380
Facsimile: (662) 842-7491

CERTIFICATE OF SERVICE

I, James R. Franks, Jr., one of the attorneys for the Plaintiff, do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which provided notification to all parties of record; additionally, same will be served upon Defendants along with re-issued summons.

THIS, the 2nd day of September, 2022.

By:     s/James R. Franks, Jr._____
        JAMES R. FRANKS, JR., MSB# 100156